W. J. ROBERTSON, RESPONDENT, *v.* WM. GROVES AND THE CITY OF CORVALLIS, APPELLANTS.

JURISDICTION OF MUNICIPAL CORPORATIONS TO TRY QUESTIONS OF CONTEST FOR MUNICIPAL OFFICE.—The city of Corvallis is not invested by its charter with authority to hear and determine a contest for a city office. The right to try a contest for a municipal office does not follow by necessary implication from the right to provide for the election of city officers. Neither does such right follow from the general authority to provide by-laws and ordinances, not inconsistent with the laws of the United States or of this State, to carry into effect the provisions of its charter.

CONSTRUCTION.—The statutes creating municipal corporations are to be strictly construed against such corporation.

APPEAL from Benton County.

At an election for city officers, held in the city of Corvallis on the first Monday in May, 1871, Robertson and Groves were competing candidates for the office of City Recorder. Robertson was declared elected and a certificate of election was issued to him, under which he qualified and entered upon the discharge of the duties of the office. Thereafter Groves applied to the Common Council for leave to contest Robertson's election, which was granted, and a committee appointed to conduct the trial. The contest was determined in favor of Groves. Thereupon Robertson instituted proceedings by writ of review to reverse the decision of the Common Council, on the ground that the charter of the city did not authorize its proceedings. The Court below set aside the proceedings of the Council, and from this order of the Court an appeal is taken.

*John Kelsay and F. A. Chenoweth*, for Appellants.

The object of municipal governments is to enable them to legislate on all matters within their limits according to their own tastes and wants. (Title of Act of 1857 incorporating City of Corvallis.)

The right to provide for the election, etc., of city officers carries with it the right to provide for a contest. (5 Hill, 211; 27 N. Y. 514; 2 Story on Con., § 1907.)

There is no law in this State in conflict with the ordinance under which the contest was had.

There must in the nature of the case be many implied powers given to a city government. Courts have always so held. (15 Barb. N. Y. 193; Edwards on B. & N. 75; 5 Barb. N. Y. 43; 7 Cranch, 299; 3 McLean, 393; 4 Pet. 152; 1 McLean, 41; 9 How. 172; 4 Wheat. 518, 636; 5 McLean, 194; 4 Pet. 514; 28 Barb. N. Y. 65, 560; 25 Id. 146; 12 Id. 559.)

*R. S. Strahan and John Burnett*, for Respondent.

Whatever is not expressly granted in acts of incorporation is taken to have been withheld; and all acts of incor-

poration are taken most strongly against the corporation. (Sedgwick Const. Law, 338, 339, 341, 342, 466; 11 Peters, U. S. 420; 4 Peters, 152, 168, 514; 13 Cal. 580; 18 Cal. 643; *Dalles Manufacturing Co.* v. *Dalles Lumbering Co.*, 3 Ogn. 527; 2 Met. R. 220; 4 Gray R. 107; 1 Ogn. 218; 18 Cal. 643; 13 Cal. 580.) Under the Code the writ of review issues to any inferior Court, officer or tribunal. (Civ. Code, § 573; 2 Ogn. 35, 298.) It extends not only to inferior Courts but to persons invested with power to decide on the property rights of individuals, even in cases where they are authorized by statute finally to hear and determine, if the jurisdiction be not taken away by express words. (2 Cai. R. 179; 20 Johns. R. 430; Id. 80; 16 Id. 8; 23 Wend. 277.) A void proceeding can be cancelled by this writ. (24 Wend. 249; 16 Johns. R. 49; 22 Wend. 132.)

By the Court, BONHAM, J.:

The material, and really the only question in this case, is one of jurisdiction. Has the Common Council of the city of Corvallis authority, under its charter and the ordinances passed in pursuance thereof, to hear and determine contests for city offices?

It is not claimed by the appellants that the Legislative Assembly has ever directly or expressly conferred such authority upon the city of Corvallis, but they do claim that by necessary implication the city authorities possess such right. And whether that position be correct is the question which we are called upon to decide.

In the Act incorporating the city of Corvallis (Act of January 28, 1857, § 6), amongst the powers enumerated as conferred upon the Common Council, it is provided that they shall have exclusive power " to provide for the election and qualification of officers and for filling vacancies in office." It is also provided in the same section of said Act that the Common Council shall have authority "to make by-laws and ordinances not inconsistent with the laws of the United States or the Territory, to carry into effect the provisions of this charter," etc. And it is presumed that it was under these provisions that the city authorities assumed to pro-

vide by ordinance the mode of proceeding to determine contests for city offices. And it is by virtue of these provisions of the Act referred to that appellants claim the authority to proceed in the manner they have done in this case.

The exercise of the authority claimed by the city of Corvallis is a judicial act. Sec. 1 of Art. VII of our State Constitution provides that "the judicial power of the State shall be vested in a Supreme Court, Circuit Courts and County Courts, which shall be Courts of record having general jurisdiction, to be defined, limited and regulated by law in accordance with this Constitution. Justices of the Peace may also be invested with limited judicial powers, and municipal Courts may be created to administer the regulations of incorporated towns and cities."

Sec. 9 of the same Article also declares that "all judicial power, authority and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other Court, shall belong to the Circuit Courts, and they shall have appellate jurisdiction and supervisory control over the County Courts and all other inferior Courts, officers and tribunals."

The jurisdiction, then, of all municipal Courts created for the government of towns and cities is only such as has been clearly delegated, defined and limited by legislative enactment; and the well-established rules of the strict construction of the powers of such tribunals apply.

In the Act incorporating the city of Corvallis, certain powers are specifically enumerated as legitimately belonging to the city authorities, and those powers which are not thus enumerated, and which are not *absolutely necessary* to the enjoyment of such enumerated powers, are to be taken to have been withheld. In cases like this, and in fact in all conceivable cases of like character, jurisdiction is conferred upon the Circuit Courts to determine the same.

Sec. 354 of our Civil Code declares that an action at law may be maintained, etc., "when any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this State, or any

office in a corporation, either public or private, created or formed by or under the authority of this State."

If there were no general provision of law for determining a contest for a municipal office, there would then be more reason for claiming that the charter of the city of Corvallis conferred that right upon the Common Council by necessary implication. But ample provision has at all times been provided by general laws, Territorial as well as State, for the determination of questions of this character. As a matter of public policy, there can be no good reason for providing a great number of Courts with concurrent jurisdiction, or a great number of concurrent remedies for the adjudication of cases like the one at bar. To do so is, to a greater or less extent, to mystify the avenues to public justice.

But the real question in this case is, whether the Legislature has ever conferred upon the authorities of the city of Corvallis jurisdiction to determine contests for city offices. Doubtless such authority might legitimately have been conferred. But we do not find language in the Act incorporating the city of Corvallis or in any of its amendments which in our judgment warrants the construction of the same, claimed by appellants. We think it the better rule, regarded upon principle as well as authority, that statutes creating municipal corporations should be strictly construed against such corporations. The people of a city, unlike those of a State, have no reserved rights as such, but all power and authority to maintain a municipal government within a city is delegated to it by the Legislature, either by express authority or *necessary* implication.

But the people of the State at large have a reserved right, if they choose to retain it, and a direct interest in the good government of all its incorporated towns and cities. And yet, while it is usual as a matter of public convenience to delegate to city authorities full power to regulate and control their local and domestic concerns, we do not think that the authority claimed by the city of Corvallis, in this instance, has been conferred upon it by the Legislature. Such power certainly has not been expressly

delegated, and we do not think that it can be successfully maintained that it is derived by *necessary* implication from the authority before referred to, and through which appellants claim that it is deduced.

The judgment of the Court below is affirmed.